UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH DESMOND TAYLOR,

        Plaintiff,

   v.

1ST UNITED SERVICES CREDIT UNION,

        Defendant.
_____/

No. C-13-2913 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

     Plaintiff, an inmate on death row at San Quentin State Prison, filed this *pro se* civil action and applied to proceed *in forma pauperis*. His complaint is now before the Court for review under 28 U.S.C. § 1915(e), which allows the Court to dismiss an *in forma pauperis* action if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

     The complaint provides very little information. Plaintiff alleges that Defendant took over a credit union at which he had an "investment account" at an unstated time and with an unknown amount of money in it. Docket # 1, p. 3. He never used or closed the account. *Id.* Plaintiff alleges: "I was suppose to have a 5-10+ year yield thats why I left the money in the account & their pretending like this never even happened, they wouldn't give me a printout or none of this or how the account went." *Id.* (errors in source). For relief, Plaintiff seeks "access to my account plus what the law say I should receive for damages." *Id.*

The Court is unsure what Plaintiff is attempting to plead because he does not adequately describe his efforts to attempt to do business with Defendant. For example, Plaintiff does not allege what he asked Defendant to provide and what Defendant's response was. Thus, it cannot be determined whether he wants to complain that Defendant fails to acknowledge particular terms of the account (*i.e.*, the alleged "5-10+ year yield"), that Defendant won't send him a statement showing his balance, that Defendant won't allow him to make a withdrawal, that Defendant won't recognize him as a customer, or something else. Without knowing what the facts are, the Court is unable to determine that a claim upon which relief may be granted has been stated.

No later than **August 23, 2013**, Plaintiff must file an amended complaint in which he more fully describes his dispute with Defendant. He should allege the particular request(s) he made to Defendant, and Defendant's response to his request(s). If Plaintiff communicated with Defendant by mail, he should attach copies of any letters from him to Defendant, and from Defendant to him. Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: July 29, 2013

_____
EDWARD M. CHEN
United States District Judge

2