UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH DESMOND TAYLOR,   No. C-13-2913 EMC (pr)

        Plaintiff,

   v.   **ORDER OF DISMISSAL**

1ST UNITED SERVICES CREDIT UNION,

        Defendant.
_____/

      Plaintiff filed this *pro se* civil action and applied to proceed *in forma pauperis*. The Court reviewed his complaint, found it lacking in essential information, and dismissed it with leave to amend. His amended complaint is now before the Court for review under 28 U.S.C. § 1915(e), which allows the Court to dismiss an *in forma pauperis* action if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Plaintiff alleges that Defendant took over a credit union at which he had an "investment account" with about $600.00 in it. Docket # 1 at 3; Docket # 6 at 3. Plaintiff – who has been on death row for about 17 years, *see People v. Taylor*, 47 Cal. 4th 850, 567 (Cal. 2009) – allegedly never used or closed the account. *Id.* Plaintiff alleges that Defendant has denied that he has an account and has not sent a "printout of the account." Docket # 6 at 3. Plaintiff attached to his amended complaint an undated letter from Defendant to him that stated: "You currently don't hold any accounts with the credit union." *Id.* at 5. In his prayer for relief, Plaintiff requests that he receive the money in the account.

Now that Plaintiff has described his claim, it is clear that he is in the wrong court. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The two main classes of cases over which the federal courts have jurisdiction are those that present a federal question, *see* 28 U.S.C. § 1331, and those in which the parties have diverse citizenship, *see* 28 U.S.C. § 1332.

Plaintiff used the form complaint for a civil rights action under 42 U.S.C. § 1983. Although an action under § 1983 would present a federal question and would give this Court original jurisdiction, this action plainly is not an action that may be pursued under § 1983. Both elements of a § 1983 action are absent: the private credit union is not a state actor, and the events and omissions giving rise to the complaint plainly do not amount to a violation of any right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (describing elements of a § 1983 claim). Plaintiff has not identified any other federal statute that would give this Court federal question jurisdiction, and the Court is not aware of one that would. Even if the credit union was a corporation organized under federal law, the Court would not potentially have jurisdiction over a civil action against it unless the United States owned more than half of the corporation's capital stock, which is not alleged to be the case here. *See* 28 U.S.C. § 1349. There is no federal question jurisdiction.

There also is not diversity jurisdiction because both the Plaintiff and Defendant – a credit union headquartered in Pleasanton – appear to be citizens of California and the amount in dispute does not meet the jurisdictional minimum. *See* 28 U.S.C. § 1332.

This action is **DISMISSED** for lack of subject matter jurisdiction. Any action to obtain from Defendant the money Plaintiff allegedly deposited with Defendant must be pursued in state court. The clerk shall close the file.

IT IS SO ORDERED.

Dated: October 17, 2013

EDWARD M. CHEN
United States District Judge

2